UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH H. BOYER,           ) | |
|                                          ) | |
| Plaintiff,            ) | |
|                                          ) | |
| v.                               ) | No. 2:12CV61 JCH |
|                                          ) | |
| NORTHEAST MISSOURI CORR.  ) | |
| CENTER, et al.,             ) | |
|                                          ) | |
| Defendants.       ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Joseph Boyer (registration no. 522390), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.43. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $62.14, and an average monthly balance of $10.82. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.43, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728,

1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Northeast Missouri Correctional Center ("NECC"), Unknown Hurley (Warden), Corizon Medical Services, Inc. ("CMS") and Kendis Archer (doctor employed by CMS). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that he is suffering from liver cancer and is in great pain. He claims that he was transferred into NECC in September of 2011 and was placed in the Medical Transitional Care Unit under the care of Dr. Archer. Plaintiff claims that from September 2011 on, Dr. Archer failed to provide him with adequate medical treatment for his liver cancer, causing him severe pain. He claims that both CMS and Warden Hurley failed to properly train and supervise defendant Archer, despite plaintiff's notification to both defendants that defendant Archer was failing to provide him with adequate treatment for his disease, through IRRs and grievances. He further claims that

defendant Archer delayed giving him the proper treatment, allowing his disease to progress quickly and causing him additional pain and suffering. Thus, plaintiff claims that all three defendants - CMS, Hurley and Archer - acted with deliberate indifference to his serious medical needs in violation of the 8th Amendment.

## Discussion

The complaint is silent as to whether defendants Hurley and Archer are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Defendant Hurley, Warden of NECC, is employed by the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).[1] "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Hurley in his official capacity.

---

[1] Additionally, a suit against NECC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. Will at 63. As such, plaintiff cannot bring suit under § 1983 against NECC.

Similarly, in defendant Archer's case, order to state a claim against him in his official capacity, plaintiff must allege that a policy or custom of CMS was responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted against defendant Archer and CMS.[2]

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time.  Instead, the Court will give plaintiff the opportunity to file an amended complaint.  Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an

---

[2]If plaintiff had named defendants in their individual capacities it appears that his failure to train claims would survive review under § 1915.  Although the doctrine of respondeat superior does not apply to claimed violations of 42 U.S.C. § 1983, Crooks v. Nix, 872 F.2d 800, 804 (8th Cir.1989), a plaintiff may, under a theory of direct liability, maintain a § 1983 claim against a prison or CMS official whose failure to train, supervise, direct or control the actions of a subordinate is such that it constitutes deliberate indifference to the inmates' serious medical needs.  Id; see also Moyers v. Buescher, 806 F. Supp. 218, 220 (E.D. Mo. 1992).

amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Plaintiff's motion for appointment of counsel will be denied at this time. Although plaintiff has alleged serious claims, none of his claims have, of yet, survived frivolity review. Thus, counsel is simply not warranted at this time. Plaintiff may, of course, move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

Plaintiff's "motion for lien" will also be denied. No such motion or Rule (74.08) is recognized by this Court, and the Court finds plaintiff's references to himself as a "judgment creditor" to be legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.43 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for lien [Doc. #5] is **DENIED**.

Dated this 10th day of October, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE